DAVID ORR, Respondent, *v.* WILLIAM GILMORE and SAMUEL
KISSICK, Appellants.

(GENERAL TERM, FIRST DEPARTMENT, JANUARY, 1873.)

A fraudulent intent being established, against the vendor and vendee in a
conveyance for a valuable consideration, by a judgment creditor of the
vendor, he is not entitled to judgment setting aside and annulling the
conveyance, but only that the property be sold and his judgment paid
out of the proceeds.

The declarations of the grantor, made after the conveyance, are not evi-
dence to charge the grantee with a fraudulent intent in taking the con-
veyance.

THIS was an appeal from a judgment entered against the
defendants on a decision of a justice of this court without a
jury.

The action was brought by the plaintiff as a judgment cre-
ditor of the defendant Gilmore, to set aside a conveyance of
certain real estate in the city of New York, made by the
defendant Gilmore to the defendant Kissick on the 5th of
November, 1869, on the ground that the conveyance was
made with intent to defraud the creditors of the defendant
Gilmore.

*Albert Stickney*, for the appellant.

*A. R. Dyett*, for the respondent.

Present—INGRAHAM, P. J., BRADY and LEARNED, JJ.

INGRAHAM, P. J. The justice, before whom this case was
tried, has found that the plaintiff was a judgment creditor on
a judgment for $1,074.75, recovered 21st of January, 1870;
that the defendant Gilmore was the owner of the lot of land
and premises in question prior to 5th of November, 1869, on
which day he conveyed the same to defendant Kissick; that
the consideration in the deed was $20,000, of which a mort
gage on the premises for $10,000 was to form part of the
payment, and was assumed by Kissick; that Gilmore owed Kis-

sick $2,300 advanced in 1868; that there was interest on the mortgage and taxes on the land unpaid, the amount of which was not found.  As matter of law, he found the conveyance was null and void, and should be vacated and set aside; and declared the property to belong to Gilmore, and subject to the payment of his debts.  Judgment was so ordered.  The evidence shows that Kissick, in addition to the $2,300 and interest due him, assumed or paid the interest on the old mortgage $350; taxes $181.60; assessments $165.78.

These sums, together, make about $3,000, for which Kissick held the conveyance, besides the assumption of the mortgage for $10,000; making, in all, the sum of $13,000. Whether these items were put in the deed, to be paid by the grantee, or were paid by him as part of the consideration money, would be immaterial.

It is not necessary to examine all the exceptions taken to this judgment.  Even if it be conceded that there was sufficient evidence to charge Gilmore with a fraudulent intent, of which there is no sufficient evidence as to the defendant Kissick, still that fact will not sustain the judgment in this case. Orr was a judgment creditor to the amount of $1,074.75. If the deed was found to be void as against him, all the judgment he was entitled to was the sale of the lot and the payment to him of that amount, interest and costs.  The conveyance to Kissick was valid as between him and Gilmore; and there was nothing to warrant the judgment declaring the same null and void as to every one.  The case of *Chautauqua Co. Bank* v. *Risley* (19 N. Y., 369) is referred to as authorizing such a judgment; but in that case the judgment directed the appointment of a receiver to sell the property to pay the plaintiff's claim, and the defendant claimed as purchaser under previous title.  In the present case the judgment declares the property to belong to the debtor.

The declarations of Gilmore, made after the conveyance, were improperly admitted, excepting for the purpose of proving a fraudulent intent on the part of the vendor.  But they were not evidence for the purpose of charging Kissick

with a fraudulent intent; and without them there is not sufficient evidence for that purpose.

The judgment must be reversed and a new trial ordered, costs to abide result.

Judgment reversed.