67b 209
35ap607

## KATE KENNEDY *vs.* GEORGE BARANDON and JOHN BARANDON.

Although it is the usual and the better practice, in actions in the nature of creditors' suits, on a judgment for the plaintiff, to direct the appointment of a receiver and a sale by him; yet it is not improper to adjudge that the property be sold on execution, by the sheriff.

If the complaint, in such an action, is not filed on behalf of the plaintiff and other creditors similarly situated, and it does not appear that there are any other creditors, the judgment should only declare the conveyances fraudulent and void as to the plaintiff's judgment, and direct a sale for the payment of that, alone, with costs.

A provision, in such a judgment, directing that the surplus moneys on the sale be brought into court, is not appropriate to the case.

APPEAL, by the defendants, from a judgment rendered at a Special Term.

The action was brought by a judgment creditor of the defendant George Barandon, to set aside, as fraudulent and void, a mortgage upon two pieces of real estate in the city of New York, and also a deed of the same premises, executed by him to the defendant, John Barandon.    The judgment rendered at the Special Term was in favor of the plaintiff, declaring the conveyances void as against creditors.

*Edward Van Ness*, for the appellants.

*Charles C. Bigelow*, for the respondent.

*By the Court*, DAVIS, P. J. This action is in the nature of a creditor's bill, to reach the real estate of the defendant George Barandon, alleged to have been mortgaged and conveyed to the defendant John Barandon, with intent to hinder, delay and defraud the creditors of the former, and to defeat the collection of the judgment recovered by plaintiff against said John Barandon. The court found that the mortgage and conveyance were fraudulent, and gave judgment declaring the same fraudulent and void as against the plaintiff and other creditors, and setting the same aside, and directing that the real estate be sold on execution, by the sheriff, and that the judgment of the plaintiff and the costs of this action be paid out of the proceeds of the sale, and the surplus be brought into court. The question in the case was purely one of fact. The defendant George Barandon was the principal witness for the plaintiff, and upon his testimony, chiefly, the court found its conclusions of fact.

There were no exceptions taken to the evidence. On a careful examination of the evidence we think the learned judge was fully justified in finding that the transactions between the defendants, in mortgaging and conveying the lands, were fraudulent and void. His conclusions in that regard ought not to be disturbed. It is the usual, and we think the better practice, in this class of cases, to direct the appointment of a receiver, and a sale by him ; but it has been held that it is proper to adjudge that the sale be made on execution by the sheriff. (2 *Van Sant. Eq. Pr.*, 158. *Orr* v. *Gilmore*, 7 *Lans.*, 345. *Wait's Pr.*, 655.)

Where the action and the judgment therein affects real estate only, the latter course is not to the prejudice

of the defendant, because the sale of the lands on execution, after the removal of the fraudulent incumbrance or conveyance, secures to the defendant, and to his other judgment creditors, the right of redemption provided by the Revised Statutes in cases of sales on execution. The complaint in this case was not filed on behalf of the plaintiff, and other creditors similarly situated, and it does not appear that there are any other creditors. The judgment should therefore have only declared the mortgage and conveyance fraudulent and void as to plaintiff's judgment, and directed the sale for the payment of that, alone, with the costs.

The provision of the judgment directing that the surplus on the sale be brought into court was not appropriate to the case made by the pleadings and proofs. (*Wilder* v. *Keeler*, 3 *Paige*, 164. *Kerr* v. *Blodgett*, 48 *N. Y.*, 62. *Wait's Pr.*, 653–4.) The judgment should be modified by striking out that direction, and, as so modified, affirmed with costs.(*a*)

Judgment accordingly.

[First Department, General Term at New York, May 3, 1875. *Davis, Brady* and *Daniels*, Justices.]

(*a*) *S. C.*, reported briefly, 4 *Hun*, 642.